J-A27001-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| THOMAS HOLLINGSWORTH | |
| | No. 2049 EDA 2015 |

Appeal from the Order Entered June 9, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011209-2014

BEFORE:  PANELLA, J., LAZARUS, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED JANUARY 10, 2017**

The Commonwealth of Pennsylvania appeals[1] from the order entered on June 9, 2015, in the Court of Common Pleas of Philadelphia County, which granted Appellee Thomas Hollingsworth's pretrial motion to suppress evidence. After careful review, we affirm.

The suppression court summarized the relevant facts and procedural history as follows.

> On August 26, 2014, [Hollingsworth] was arrested and was charged with Firearms not to be Carried Without a License [18

---

[*] Former Justice specially assigned to the Superior Court.

[1] This appeal is permissible as of right because the Commonwealth has certified in good faith that the suppression order submitted for our review substantially handicaps the prosecution and the appeal is not intended for delay purposes. **See** Pa.R.A.P. 311(d).

[*] Former Justice specially assigned to the Superior Court.

Pa.C.S.A. § 6106] and Carrying Firearms on Public Streets or Public Property in Philadelphia [18 Pa.C.S.A. § 6108]. The evidence established that on August 26, 2014, at approximately 9:20 p.m., Police Officer Reuban Ondarza and an unidentified partner[] were on duty in the area of the 6500 block of Stiles Street in Philadelphia. Officer Ondarza testified that he was in that area because of a "war" going on in the area between [the] 66th Street heroin [dealers] and the Monte Vista 64th and Jefferson Streets heroin [dealers]. There were numerous shootings and homicides in the area. From where he was parked on 66th Street, Officer Ondarza observed [Hollingsworth] walking on the 6500 block of Stiles Street. [Hollingsworth] was walking toward [Officer Ondarza] and from approximately 25 feet away, Officer Ondarza noticed [Hollingsworth] adjusting a large bulge on the left side of his waistband. Officer Ondarza believed [Hollingsworth] had a gun in his waistband based on his [7] years of experience as an active police officer and the approximately 50 gun arrests he had made in the past. According to Officer Ondarza, the way [Hollingsworth] was adjusting the bulge and touching it, made him believe [Hollingsworth] had a gun. [Hollingsworth] crossed Haverford Avenue onto the 600 block of 66th Street. Officer Ondarza made a U-turn and came within 10 feet of [Hollingsworth]. Officer Ondarza exited the unmarked police vehicle, identified himself as a police officer (by displaying his badge and saying he was a police officer), and told [Hollingsworth] to stop. [Hollingsworth] looked at him and proceeded to walk briskly away from Officer Ondarza. When [Hollingsworth] ignored Officer Ondarza's commands, Officer Ondarza ran up to him, grabbed him, and conducted a frisk wherein he immediately detected a gun. A black Colt 357 revolver was recovered from [Hollingsworth's] waistband. [Hollingsworth] told Officer Ondarza that his license to carry a weapon had been revoked. [Hollingsworth] was subsequently arrested.

[Hollingsworth] filed a [m]otion to [s]uppress which was granted on June 9, 2015. The trial was suspended pending the Commonwealth's appeal. On July 8, 2015, the Commonwealth filed a Notice of Appeal accompanied by a Statement of Errors Complained of on Appeal pursuant to P[a].R.A.P. Rule 1925(b).

Suppression Court Opinion, 7/29/15, at 1-2 (footnotes omitted).

On appeal, the Commonwealth challenges the suppression court's decision to suppress the evidence obtained from Officer Ondarza's search of Hollingsworth. **See** Commonwealth's Brief, at 2. The Commonwealth contends that the suppression court failed to credit Officer Ondarza's experience and failed to examine the totality of the circumstances surrounding the search. **See id**. Hollingsworth counters that the suppression court correctly held that Officer Ondarza lacked the requisite reasonable suspicion necessary to stop and frisk him. **See** Appellee's Brief, at 5.

Our scope and standard of review is well settled.

> When the Commonwealth appeals from a suppression order, this Court may consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the record as a whole, remains uncontradicted. In our review, we are not bound by the suppression court's conclusions of law, and we must determine if the suppression court properly applied the law to the facts. We defer to the suppression court's findings of fact because, as the finder of fact, it is the suppression court's prerogative to pass on the credibility of the witnesses and the weight to be given to their testimony.

**Commonwealth v. Myers**, 118 A.3d 1122, 1125 (Pa. Super. 2015) (citation omitted). Here, the record supports the suppression court's factual findings.[2] Thus, we proceed to review the court's legal conclusions, for which

---

[2] We note that the suppression court made several factual findings based upon the property receipts presented as exhibits by the Commonwealth at the suppression hearing. Our review of the record reveals that the exhibits from the suppression hearing were not included in the certified record on appeal. It was the Commonwealth's duty to ensure that all documents essential to the case were included in the certified record. **See Fiore v.**
*(Footnote Continued Next Page)*

our standard of review is *de novo*. ***See Commonwealth v. Wilson***, 101 A.3d 1151, 1153 (Pa. Super. 2014), *appeal denied*, 121 A.3d 496 (Pa. 2015).

The Fourth Amendment of the United States Constitution guarantees, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated…." U.S. Const. amend. IV. Similarly, the Pennsylvania Constitution assures citizens of our Commonwealth that "[t]he people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures…." Pa. Const. art. I, § 8. Further, "[t]he reasonableness of a government intrusion varies with the degree of privacy legitimately expected and the nature of the governmental intrusion." ***Commonwealth v. Fleet***, 114 A.3d 840, 844 (Pa. Super. 2015) (citation omitted). Interactions between law enforcement and citizens fall into one of three following categories.

---

*(Footnote Continued)* ———————————

***Oakwood Plaza Shopping Ctr.***, 585 A.2d 1012, 1019 (Pa. Super. 1991) ("It is the obligation of the appellant to make sure that the record forwarded to an appellate court contains those documents necessary to allow a complete and judicious assessment of the issues raised on appeal.") Because the Commonwealth failed to include the exhibits in the certified record, we are unable to determine if the factual findings based upon the exhibits are supported by the record. Thus, we cannot consider these findings.

However, we have determined that the factual findings made by the trial court in relation to the exhibits do not go to the crux of the suppression issue.

> The first of these is a "mere encounter" (or request for information) which need not be supported by any level of suspicion, but carries no official compulsion to stop or respond. The second, an "investigative detention" must be supported by reasonable suspicion; it subjects a suspect to a stop and a period of detention, but does not involve such coercive conditions as to constitute the functional equivalent of an arrest. Finally, an arrest or "custodial detention" must be supported by probable cause.

*Id*., at 845 (citation omitted).

Here, both parties agree that Officer Onadrza placed Hollingsworth under investigative detention when he stopped Hollingsworth and searched him for weapons. *See* Commonwealth's Brief, at 7; Appellee's Brief, at 6-7. The Commonwealth's sole issue on appeal is whether Officer Ondarza had reasonable suspicion to stop and search Hollingsworth. *See* Commonwealth's Brief, at 2. The Commonwealth contends that Officer Ondarza had reasonable suspicion to perform a "*Terry* stop and frisk"[3] due to the fact that he was patrolling a high crime area at night and observed Hollingsworth touching a bulge in his waistband in a manner that indicated to Officer Ondarza, an officer with extensive firearms experience, that Hollingsworth was armed. *See id*.

When this Court evaluates whether an investigative detention is constitutional, the following principles guide our decision.

> Our inquiry is a dual one – whether the officers' action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in

---

[3] *Terry v. Ohio*, 392 U.S. 1 (1968).

the first place. Regarding the stop, a police officer may, short of an arrest, conduct an investigative detention if he has a reasonable suspicion, based upon specific and articulable facts, that criminality is afoot. The fundamental inquiry is an objective one, namely, whether the facts available to the officer at the moment of the [intrusion] warrant a man of reasonable caution in the belief that the action taken was appropriate. This assessment, like that applicable to the determination of probable cause, requires an evaluation of the totality of the circumstances, with a lesser showing needed to demonstrate reasonable suspicion in terms of both quantity or content and reliability. An individual's suspicious and furtive behavior that, in the opinion of an experienced police officer under certain circumstances, indicates criminal activity, reasonably justifies an investigative detention.

Further, the delicate balance between protecting the right of citizens to be free from unreasonable searches and seizures, on the one hand, and protecting the safety of our citizens and police officers by allowing police to make limited intrusions on citizens while investigating crime, on the other hand, requires additional considerations when the police have a reasonable suspicion that a person may be armed.

\*\*\*

Thus, … a police officer may frisk an individual during an investigatory detention when the officer believes, based on specific and articulable facts, that the individual is armed and dangerous. When assessing the reasonableness of an officer's decision to frisk a suspect during an investigatory detention, an appellate court does not consider the officer's unparticularized suspicion or hunch but rather the specific reasonable inferences which he is entitled to draw from the facts in light of his experience.

***Commonwealth v. Stevenson***, 894 A.2d 759, 771-772 (Pa. Super. 2006)

(internal quotations and citations omitted).

This Court has examined similar situations in which we have examined the suppression court's analysis of the totality of the circumstances in order

to determine whether a police officer did, or did not, have the requisite reasonable suspicion to perform an investigatory detention and **Terry** stop and frisk. In **Commonwealth v. Carter**, this Court found that a defendant's presence in a high-crime area at night, coupled with a weighted bulge in defendant's pocket, and defendant's *consistent* efforts to conceal the weighted bulge from police officers constituted the reasonable suspicion necessary for an investigative detention. **See** 105 A.3d 765, 774-775 (Pa. Super. 2014). Conversely, in **Commonwealth v. Martinez**, this Court held that a situation in which the defendant "walked quickly away from a group of people on a street corner after observing a nearby police vehicle . . . [and] where . . . officers observed a bulge in her front pocket[,]" does not constitute reasonable suspicion of criminal activity necessary for an investigative detention. 588 A.2d 513, 514 (Pa. Super. 1991).

In this case, the relevant evidence shows that Officer Ondarza observed Hollingsworth walking alone at 9:20 at night in a high crime area. From 25 feet away, Officer Ondarza noted that he saw Hollingsworth touch a "bulge" in Hollingsworth's waistband. Officer Ondarza testified that he believed the "bulge" to be a firearm because of its location in Hollingsworth's waistband. Immediately following this observation, Officer Ondarza turned his unmarked police cruiser around, ordered Hollingsworth to stop, and conducted a search of Hollingsworth's person. From these facts, the suppression court concluded that:

> I believe that the officer, in the facts presented may have been justified with a mere encounter, but he skipped right over that to an investigatory detention for a one time stop (sic), 25 feet away, without articulating the clothing that the defendant was wearing to justify the ability to see a bulge with a holstered weapon. And I think under the Constitution, just a one-time touching in an area where guns are generally carried, without anything more, was not sufficient to justify the investigatory detention and the frisk that happened at that time.

N.T., Suppression Hearing, 6/9/15, at 47.

Based upon these facts, we find that this case is most analogous to the totality of the circumstances present in *Martinez*, and we agree with the suppression court that Officer Ondarza did not have reasonable suspicion to perform an investigatory detention. There was no evidence, as in *Carter*, that Hollingsworth was aware of the police presence at the time he touched the "bulge" and that he ever attempted to conceal the "bulge" from the police. Instead, as in *Martinez*, there is only a mention of a "bulge" and an inclination that the "bulge" could be a weapon. And, unlike in *Carter*, there was no *consistent* effort to touch the "bulge"; this was a *one-time* touch.

We do not find that this "hunch" is sufficient grounds to infringe upon a citizen's Fourth Amendment rights. Further, despite the Commonwealth's contentions to the contrary, there is no evidence that the suppression court disregarded Officer Ondarza's experience in weighing the totality of the circumstances; the trial court considered the totality of the circumstances; the suppression court simply did not believe Officer Ondarza's contention that he reasonably believed that a non-descript "bulge" in Hollingsworth's

waistband was a weapon. As an appellate court, it is not within our purview to question the suppression court's credibility determinations. **See Myers**, 118 A.3d at 1125. Thus, because we find no fault in the suppression court's factual findings or its application of the relevant law to these findings, we find the Commonwealth's sole issue on appeal meritless.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/10/2017